UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
DIALLO R. MADISON,

                                                  Plaintiff,

                           v.                                  9:06-CV-1488
                                                                  (NAM)(DEP)

F. NESMITH, RPA, Great Meadow Correctional Facility;
DR. SILVERBERG, Great Meadow Correctional Facility;
GEORGE S. DUNCAN, Superintendent, Great Meadow
Correctional Facility,

                                                 Defendants.
--------------------------------------------------------------------------

APPEARANCES:

DIALLO R. MADISON, *pro se*

HON. ANDREW M. CUOMO                CHRISTOPHER W. HALL, ESQ.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

David E. Peebles
U.S. Magistrate Judge

## DECISION and ORDER

The Clerk has sent to the Court a Motion to Compel Discovery filed by plaintiff Diallo R. Madison. Dkt. No. 94. Defendants have responded to the Motion. Dkt. No. 95.

I.     BACKGROUND

This action originated in the Southern District of New York with the filing of the plaintiff's original Complaint. Dkt. No. 1. After being ordered to file an amended Complaint, the plaintiff submitted an amended pleading in the Southern District of New

York. Dkt. No. 7. The plaintiff's claims against defendants Alves and Dyal, who reside in Chemung County, were transferred to the Western District of New York. *Id.*

After the action was transferred to the Western District, defendants Alves and Dyal filed Answers to the plaintiff's amended Complaint on March 16, 2005 and March 24, 2005, respectively. Dkt. Nos. 49, 50. Plaintiff then filed three motions to amend his amended Complaint, attempting to name F. Nesmith, Dr. Silverberg, and George S. Duncan as defendants. Dkt. Nos. 58, 61, 65. The plaintiff also submitted a proposed amended Complaint. Dkt. No. 66.

By the Order of United States District Judge Charles J. Siragusa, plaintiff's Motions to Amend were denied because venue was improper.[1] Dkt. No. 81. The plaintiff's "proposed Eighth Amendment claims against Nesmith, Silverberg, and Duncan were transferred to the United States District Court for the Northern District of New York." Dkt. No. 81 at 5.

On February 1, 2007 this Court ordered that the amended Complaint against defendants Nesmith, Silverberg, and Duncan be served. Dkt. No. 83. The amended Complaint was filed with the Court on February 1, 2007 (Dkt. No. 84) and an Answer was filed on March 30, 2007. Dkt. No. 90. Discovery has now closed in this case, and the Motion to Compel filing deadline has expired. Dkt. No. 91.

The allegations in the amended Complaint assert that plaintiff was evaluated by Dr. Silverberg and defendant Nesmith on January 20, 2003. Defendant Nesmith is alleged to

---

[1] Defendants Nesmith, Silverberg and Duncan are employed at Great Meadow Correctional Facility, which is located in the Northern District of New York. Great Meadow Correctional Facility is also the location of the events giving rise to the plaintiff's proposed amended claims.

2

be a licensed physician's assistant who is under the professional supervision of defendant Silverberg. Dkt. No. 84. On February 12, 2003 plaintiff was called to the medical office to execute a consent form for surgery that Dr. Silverberg had determined to be necessary. *Id.* Plaintiff states that he became concerned when he saw defendant Nesmith setting up for surgery, but no physician was present. Plaintiff alleges that he told defendant Nesmith that he wanted his surgery performed by a doctor. *Id.* Plaintiff alleges that he also made this wish known in the written consent form. Plaintiff alleges that physician's assistant Nesmith performed unsupervised anesthesia and then performed an unsupervised surgical procedure on plaintiff. *Id.* Plaintiff alleges that he has experienced ongoing difficulty and pain as a result of these unauthorized actions. *Id.*

II. <u>PLAINTIFF'S MOTION TO COMPEL</u>

Plaintiff's Motion to Compel was timely filed on November 23, 2007. Dkt. No. 94. In his Motion, plaintiff seeks an Order from this Court directing defendants to respond to plaintiff's First Set of Interrogatories and Request for Production of Documents that were served on defendants' counsel on or about June 11, 2007.[2] Madison Aff. (Dkt. No. 94). Plaintiff asserts that the defendants responded to his document demands on October 17, 2007, and objected to all but one demand. *Id.* Plaintiff further asserts that on October 20, 2007 he wrote defendants' counsel in an attempt to obtain discovery from the defendants. *Id.* The October 20, 2007 letter was not provided to the Court.

In defendants' response, counsel submitted a July 19, 2007 letter from defendants'

---

[2] Defendants' counsel states that the discovery demands attached to Plaintiff's Motion are not the same demands as were served upon counsel, and plaintiff has not contested this assertion. Defendants' counsel attached a copy of the demands to Defendants' response to this Motion. Dkt. No. 95, Exh. A. Both parties agree the demands were served on June 11, 2007.

3

counsel to plaintiff advising plaintiff that the defendants would not respond to any of his Interrogatories because they exceed the Rule 33 limit. Dkt. No. 95, Exhibit B. Further, the letter advises that responses to the document demands would be responded to "within the next 30 days." *Id.* Defendants also provided the Court with plaintiff's August 16, 2007 letter. Dkt. No. 95, Exhibit C. The August 16, letter was a response to the July 19, 2007 letter, and noted defendants' objections to the number of interrogatories. The August letter further stated "Therefore, I am asking you to forward the first 25 requested to me ..." *Id.* It appears that defendants' counsel never responded to plaintiff's August 16, 2007 letter.[3] Defendants served a response to the document demands on October 17, 2007. Dkt. No. 95, Exhibit D.

In his Affirmation, defendants' counsel states his file does not contain the October 20, 2007 letter that plaintiff refers to in his Motion to Compel. Counsel also states "I would note that plaintiff's suggestion to simply answer the first 25 interrogatories still would not satisfy Rule 33 of the Federal Rules of Civil Procedure. Without considering possible substantive objections, approximately six of these interrogatories contain subparts which means the number of interrogatories including subparts would exceed the number limitation in the Rule." Hall Aff. (Dkt. NO. 95) ¶ 7. Dkt. No. 95, Hall Affirmation. Counsel states that, with respect to the document demands, defendants have set forth their objections, and have responded to the demand that was proper. *Id.* ¶¶ 8-9.

---

[3] Counsel is reminded that good faith conferral is a *two way* process, intended to eliminate or reduce the controversy before it is presented to the Court. Ignoring a *pro se* plaintiff's letter until a motion is brought before the Court is not good faith conferral, and does not serve the interests of justice in any manner.

4

III.   DISCUSSION

   A.   Plaintiff's Document Demands

Defendants annexed plaintiff's document demands, and defendants' responses thereto as Exhibit D to their response to this Motion. The Court has reviewed each document demand, and the responses thereto. The Court finds that many of the objections are proper. Therefore, the Court will only address those demands where a response is warranted.

Document Demand 4 seeks documentation of Dr. Silverberg's qualification as a physician. To the extent defendants have documentation that shows (1) that Dr. Silverberg is licensed to practice medicine in New York State, (2) the length of time Dr. Silverberg has practiced medicine, and/or (3) any specialty or Board Certification Dr. Silverberg has obtained, those documents shall be produced to plaintiff.[4]

Document Demand 6 seeks the "Microscopic section of the pathology report." Defendants allege it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. However, it appears from their responses that defendants produced part of the pathology report in response to Demand 5. Defendants have offered no reason why one part of the report is more or less relevant than another. Thus, the entire pathology report from the February 12, 2003 surgery shall be produced to Plaintiff.

Document Demand 13 seeks a copy of any written authorization, from Great

---

[4]   If plaintiff were not incarcerated, he would have access to this information through various websites maintained by the New York State Department of Health, the Office of the Professions, and the Office of Professional Misconduct and Physician Discipline, or through access to the records maintained by those offices. Thus, this information is not protected by personal privacy concerns. However, any personal data such as home addresses or social security numbers may be redacted from such documents before they are produced to the plaintiff.

5

Meadow Correctional Facility or the New York State Department of Correctional Services, to defendant Nesmith that authorized him to perform (1) anesthesiology procedures, and (2) surgery. Defendants object based upon the form, of the demand asserting that the demand is an interrogatory and that plaintiff has already served too many interrogatories. Further, defendants assert that the information is "not relevant to any material issue and is not reasonably calculated to lead to the discovery of admissible evidence." Given the allegations in the amended Complaint, the Court does not agree with defendants' objection, and any responsive document shall be produced to plaintiff.

Document Demand 14 seeks the educational and professional qualifications of defendant Nesmith. Defendants assert the same objections as were asserted in response to Demand 13 above. Given the allegations in the amended Complaint, the Court does not agree with defendants' objection, and any responsive document shall be produced to plaintiff. Thus, to the extent defendants have documentation that shows (1) that defendant Nesmith is licensed as a Physician's Assistant in New York State, (2) the length of time defendant Nesmith has been licensed as a Physician's Assistant, and/or (3) any qualification defendant Nesmith holds as a "specialist assistant",[5] those documents shall be produced to plaintiff.[6]

B.  Plaintiff's Interrogatories

Rule 33 (a)(1) of the Federal Rules of Civil Procedure provides:

Unless otherwise stipulated or ordered by the Court, a party may serve on any other party no more than 25 written interrogatories, including all discrete

---

[5] As that term is used in New York Public Health Law § 3700(2).

[6] Any personal data such as home addresses or social security numbers may be redacted from such documents before they are produced to the plaintiff.

subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26 (b)(2).

Fed. R. Civ. P. 33(a)(1).

> "Courts have held that interrogatory subparts are to be counted as discrete subparts if they are not logically or factually subsumed within and necessarily related to the primary question." *Krawczyk v. City of Dallas,* 2004 WL 614842, at *2 (N.D.Tex.2004) (quotation marks and citations omitted). Thus, "[i]f the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first and not factually subsumed within and necessarily related to the primary question." *Ibid.* On the other hand, multiple interrelated questions may constitute "a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately." *Yeager v. Corinthian Colls., Inc.,* 2002 WL 1976773, at *3 (E.D.La.2002).

*Cramer v. Fedco Automotive Components Co., Inc.*, No. 01-CV-0757E, 2004 WL 1574691, *4 (W.D.N.Y. May 26, 2004).

Annexed to Defendants' response to this Motion are the June 11, 2007 Interrogatories that were served on defendants' counsel. Dkt. No. 95, Exhibit A. Initially, the Court notes that these Interrogatories were not directed to just one party. Rather, at least one Interrogatory was directed specifically to defendant Duncan and one appears to have been directed to defendant Silverberg.[7] Under Rule 33, plaintiff was entitled to serve up to 25 Interrogatories on each of the three defendants. Further, this Court is not convinced that all of "subparts" to plaintiff's questions are, in fact, discrete subparts as contemplated by Rule 33.

In addition, a review of the Interrogatories reveals that a number of them are

---

[7] While proper form would be to serve separate sets of interrogatories for each defendant, this Court is also mindful of the latitude afforded *pro se* litigants.

7

repeated more than once in this set of demands.[8]  While plaintiff's confusing demands may burden defendants' counsel more than a precise set drafted by a skilled attorney, many of the issues presented with respect to these Interrogatories might have been resolved, or reduced, if good faith conferral had occurred in this case.

As with the document demands, the Court has undertaken review of all of the Interrogatories in light of the allegations in this case.  Further, given the fact that discovery is now closed and this case is moving quickly toward the filing of dispositive motions, the interest of justice would not be served by reopening discovery and permitting the service of subsequent demands.  However, at the same time, plaintiff should not be prohibited from obtaining discovery by legal gamesmanship and manipulation of pretrial deadlines.

The Court finds that many of the Interrogatories are poorly formed and not susceptible to a meaningful response.  However, a number of the Interrogatories are relevant, and sufficiently formed so as to permit defendants to respond.  Accordingly, the Court finds that defendants Nesmith shall respond to Interrogatories 11, 15, 16, 17, 18, 22, 30, 31, 32, and 33. Defendant Silverberg shall respond to Interrogatories 11, 15, 18, 30, 31, 33, 35.  The Court does not find any proper Interrogatories addressed to defendant Duncan.

WHEREFORE, it is hereby

ORDERED, that plaintiff's Motion to Compel Discovery (Dkt. No. 94) is GRANTED IN PART and DENIED IN PART.  Defendants shall serve responses to the demands and interrogatories outlined in the body of this Order within **thirty (30) days** from the filing date

---

[8] For example compare Interrogatories 1 and 18, 2 and 19, 6 and 23, 8 and 25, 9 and 26, 10 and 27, 13 and 31, and, 14 and 32.

of this Order, and it is further

ORDERED, that the Clerk shall serve a copy of this Order on the parties in accordance with the Local Rules.

*[signature]*
David E. Peebles
U.S. Magistrate Judge

Dated: March 3, 2008
Syracuse, NY